# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UPU INDUSTRIES, INC.,** <br><br> **Plaintiff/Counterclaim Defendant,** <br><br> v. <br><br> **TOTAL PETROCHEMICALS & REFINING USA, INC.,** <br><br> **Defendant/Counterclaim Plaintiff.** | Case No. 15-2284-JAR-KGG |

## MEMORANDUM AND ORDER

UPU Industries, Inc. ("UPU") brought this action against Total Petrochemicals & Refining USA, Inc. ("TPRI"), alleging breach of an implied warranty of fitness for a particular purpose with regards to two lots of polyethylene resin that TPRI delivered to UPU in February and March 2014. TPRI brought a counter claim alleging breach of contract, seeking to recover for shipments of polyethylene resin it made to UPU during the period from September 2014 through December 2014, for which TPRI claims it was never compensated. TPRI filed a Motion for Summary Judgment on UPU's claim (Doc. 60), which this Court denied in a previous Memorandum and Order (Doc. 70). This matter comes before the Court on Defendant/Counterclaim Plaintiff TPRI's Motion for Summary Judgment on its Counterclaim (Doc. 62). The motion is fully briefed and the Court is prepared to rule. For the reasons stated more fully below, the Court grants TPRI's motion for summary judgment on its counterclaim.

## I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[1]

---

[1] Fed. R. Civ. P. 56(a).

In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[3] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4] A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[6] Where, as here, the moving party bears the burden of proof at trial, the moving party must submit evidence to establish the essential elements of its claim.[7] Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[9] Rather, the nonmoving party must

---

[2]*City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3]*Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986)).

[4]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[5]*Adler,* 144 F.3d at 670 (citing *Anderson,* 477 U.S. at 248).

[6]*Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7]*Ricks v. Xerox Corp.*, 877 F. Supp. 1468, 1474 (D. Kan. 1995) (citing Fed. R. Civ. P. 56(c)); *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011) (citing *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)).

[8]*Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[9]*Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

"set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[11]

## II. UNCONTROVERTED FACTS

UPU entered into contracts with TPRI for the purchase of "9458," a high density polyethylene product, from TPRI during the period of September 2014 to December 2014. Pursuant to the terms of each of the 9458 contracts, payment was due to TPRI forty-five days after the end of the month in which the 9458 was shipped to UPU. On January 15, 2015, a sum of $317,039.88 became due and owing under the contract. An additional amount of $236,699.40 became due and owing on February 15, 2015, resulting in a total liquidated sum of $553,739.28 due and owing under the 9458 contracts.

## III. DISCUSSION

TPRI argues that it is entitled to a judgment on its counterclaim in the amount of $553,739.28, plus prejudgment interest in the amount of $2,605.81 from January 15, 2014 through February 14, 2015, plus prejudgment interest on the amount of $553,739.28 at the rate of 10 percent per annum from February 15, 2015 until the date on which judgment is entered, plus post-judgment interest. In its memorandum in support of its motion, TPRI discussed at length UPU's breach and UPU's argument that it was entitled to set off the damages at issue in this

---

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[11] *Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

motion based on damages arising from UPU's underlying claim.¹² UPU, however, responded by conceding liability for the breach alleged in TPRI's counterclaim and conceding that it owes TPRI (1) damages in the principal amount of $553,739.28, (2) pre-judgment interest from January 15, 2015 to February 14, 2015 in the amount of $2,605.81, and (3) pre-judgment interest from February 15, 2015 through November 4, 2016 (the date of TPRI's filing of its motion) in the amount of $95,121.79.

Given UPU's response, the Court finds that UPU is liable for damages on TPRI's counterclaim in the principal amount of $553,739.28. UPU concedes that it is liable for prejudgment interest, but it appears to draw the line at November 4, 2016, the date TPRI filed this motion for summary judgment.¹³ UPU, however, does not expressly argue against imposition of prejudgment interest after November 4, 2016.¹⁴ It is well settled that where prejudgment interest applies, it runs from the time a claim accrues until judgment is entered.¹⁵ Accordingly, the Court finds that TPRI is entitled to prejudgment interest on the principal amount of $553,739.28 at a rate of ten percent per annum from February 15, 2015 until today's date, May 5, 2017, the date judgment was entered on TPRI's counterclaim.¹⁶ At this rate, interest accrued on the principal amount of damages at a rate of $151.71 per day, resulting in

---

¹²Doc. 63 at 9–13. UPU asserted the set off defense in its Answer and in the Pretrial Order. *See* Docs. 10 and 64.

¹³Doc. 66 at 4 ("It is not controverted that UPU owes Total the principal amount of $553, 739.28 and interest through November 4, 2016 in the amount of $97,727.60.").

¹⁴*See id.*

¹⁵*West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987) (citing *Prejudgment Interest: Survey and Suggestion*, 77 N.W.U.L. Rev. 192 (1982)); K.S.A. § 16-201 (stating that creditors are entitled to prejudgment interest "for money after it becomes due; for money lent or money due on settlement of account, from the day of liquidating the account and ascertaining the balance"); *Ives v. McGannon*, 149 P.3d 880, 890 (Kan. Ct. App. 2007) (explaining that any amount of prejudgment interest would not have become fixed until judgment was entered by jury).

¹⁶Where, as here, the Court is exercising diversity jurisdiction, state law determines the rate of prejudgment interest. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009); *Biava v. Insurers Admin. Corp.*, Nos. 94-2013, 94-2014, 1995 WL 94461, at *6 (D.N.M. Mar 1, 1995) (citing *Loft v. Lapidus*, 936 F.2d 633, 639 (1st Cir. 1991)). Under Kansas law, the rate of prejudgment interest is 10 percent per annum. K.S.A. § 16-201.

interest in the amount of $122,733.01. Because UPU also concedes that it is liable for prejudgment interest from January 15, 2015 to February 14, 2015 in the amount of $2,605.81, the Court finds that UPU is liable for prejudgment interest in the total amount of $125,338.82. Pursuant to 28 U.S.C. § 1961,[17] the Court finds that TPRI is also entitled to post-judgment interest at a rate of 1.09%, to be calculated from the date of entry of judgment on TPRI's counterclaim.

**IT IS THEREFORE ORDERED BY THE COURT** that Counterclaim Plaintiff Total Petrochemicals & Refining USA, Inc.'s Motion for Summary Judgment on its Counterclaim (Doc. 62) is **granted**. Judgment shall be entered in TPRI's favor in the amount of $553,739.28, plus prejudgment interest in the amount of $125,338.82, plus post-judgment interest.

**IT IS SO ORDERED.**

Dated: May 5, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[17] Federal law governs the award of post-judgment interest on a money judgment. *Transpower Constructors, a Div. of Harrison Int'l Corp. v. Grand River Dam Auth.*, 905 F.2d 1413, 1423 (10th Cir. 1990).